1GLENN B. GREMILLION, Judge.
In this case, one of the defendants, Rubicon, Inc., appeals the trial court’s judgment imposing in solido liability among the defendants, in favor of the plaintiffs, James and Debra Jackson.[1] We affirm for reasons other than those given by the trial court.
FACTUAL AND PROCEDURAL BACKGROUND
In March 1998, the Jacksons filed suit for damages arising out of a March 1997 chemical spill in Vinton, Louisiana, in which Debra was exposed to toxic chemicals. Debra was a passenger in a van that passed through the area shortly after two eighteen-wheelers had collided causing the chemicals to spill to the ground.
The matter was resolved at a mediation in May 2001, after which a settlement agreement was entered into. It stated:
MEMORANDUM OF SETTLEMENT
For and in consideration of the settlement, release and dismissal of any and all claiins with prejudice, plaintiffs Debra and’ James Jackson, individually, and Debra Jackson on behalf of her three children, agree to accept, and defendants agree to pay, the sum of TEN THOUSAND AND NO/100 ($10,000.00) DOLLARS, together with court costs and plaintiffs mediation fees. Defendants agree to fund settlement within two (2) weeks of this date, except that court approval will be needed regarding the minors’ settlements. Terms of settlement are confidential. Lake Charles, La this 24th day of May, 2001.
The settlement agreement was, thereafter, signed by the Jacksons, as well as by a representative of Rubicon and a representative for AlWaste, LaFour and Reliance.
IgOri October 3, 2001, the commonwealth court of Pennsylvania declared Reliance Insurance Company insolvent. The judgment was filed into the record by the Calcasieu Parish Clerk of Court on November 5, 2001.
Following a hearing on October 17, 2001, the trial court rendered two written judgments. The first judgment appears to have been signed October 28, 2001, al *396 though it was filed into the record on October 22, 2001, and states (emphasis added):
[[Image here]]
ORDERED, ADJUDGED AND DECREED that the written memorandum of settlement agreement is enforced pursuant to its written terms and that plaintiffs are awarded $10,000 against the defendants, RELIANCE NATIONAL INDEMNITY COMPANY, ALL-WASTE ENVIRONMENTAL SERVICES OF TEXAS, INC., ARTHUR LEE LAFOUR, and RUBICON, INC., in solido, together with all court costs; it is further
ORDERED, ADJUDGED and DECREED that plaintiffs are awarded penalties in the amount of $20,000, which is two times the amount of the damages, against RELIANCE NATIONAL INDEMNITY COMPANY, and ALL-WASTE ENVIRONMENTAL SERVICES OF TEXAS, INC., in solido.
The second judgment issued by the trial court was signed on October 23, 2001, and filed into the record on that same day. It reads:
[[Image here]]
ORDERED, ADJUDGED AND DECREED that the written memorandum of settlement agreement is enforced pursuant to its written terms and that plaintiffs are awarded $10,000 against the defendants, RELIANCE NATIONAL INDEMNITY COMPANY, ALL-WASTE ENVIRONMENTAL SERVICES OF TEXAS, INC., ARTHUR LEE LAFOUR, and RUBICON, INC., together with all court costs; it is further
ORDERED, ADJUDGED AND DECREED that plaintiffs are awarded penalties in the amount of $20,000, which is two times the | -¡amount of the damages, against RELIANCE NATIONAL INDEMNITY COMPANY, and ALL-WASTE ENVIRONMENTAL SERVICES OF TEXAS, Inc., in solido.
On November 13, 2001, Rubicon filed a Motion for Reconsideration[2] of the judgment signed October 28, 2001, urging that, because there was no basis for in solido liability under the Memorandum of Settlement, the October 28, 2001 judgment should be set aside and the October 23, 2001 judgment should be enforced.
Following a May 16, 2002 hearing, the trial court rendered the following judgment:
[[Image here]]
ORDERED, ADJUDGED AND DECREED that Defendant’s Motion for Reconsideration and Motion for New Trial are granted vacating the Judgments dated October 23, 2001 and October 28, 2001; it is further
ORDERED, ADJUDGED AND DECREED that the written Memorandum of Settlement Agreement is enforced pursuant to its written terms and that plaintiffs are awarded the sum of $10,000.00 against the defendants, RELIANCE NATIONAL INDEMNITY CO., ALLWASTE ENVIRONMENTAL SERVICES OF TEXAS, INC., ARTHUR LEE LAFOUR, and RUBICON, INC., in solido, together with all court costs and the plaintiffs mediation fee; it is further
ORDERED, ADJUDGED AND DECREED that plaintiffs are awarded penalties in the amount of $20,000.00 *397 against RELIANCE NATIONAL INDEMNITY Co.
Rubicon timely appealed to this court and assigns as error the trial court’s failure to determine the intent of the parties and in holding the defendants solidarily liable for the settlement amount.
I ¿DISCUSSION
The question of whether the defendants intended to be bound solidarily is a mixed question of law and fact. Thus, we review the trial court’s findings using the manifest error standard of review.
“Solidarity of obligation shall not be presumed. A solidary obligation arises from a clear expression of the parties’ intent or from the law.” La.Civ.Code art. 1796. In solido liability arises from the law when a tortfeasor “conspires with another person to commit an intentional or willful act.” La.Civ.Code art. 2324. If liability is not solidary pursuant to a conspiracy to commit an intentional act, “then liability for damages caused by two or more persons shall .be a joint and divisible obligation.” Id.
At the hearing on the Motion for Reconsideration and New Trial, the following colloquy occurred:
MR. WALKER [counsel for plaintiffs]:
That’s what we asked the Court. And, Your Honor, since you ruled, there has been a case come out of the Supreme Court, Burleighay (sp), which stands for the proposition where all four defendants signed the mediation agreement or agreement to settle and they don’t state that they’re only supposed to fund their prorata share, then all of them were responsible for the full amount; and that’s what we’re asking the Court to rule that all of these people that signed this mediation agreement saying that these plaintiffs would have their $10,000 in two weeks are responsible.
THE COURT:
I don’t have any problem with the fact that you may go against any one of these defendants for the entire amount.
MR. WALKER:
All right. That’s all we need then, Your Honor.
|bTHE COURT:
Let them fight their own battles among them.
Counsel for Rubicon then went on to argue that the two judgments that were signed contained a substantial difference with the Memorandum of Settlement — the imposition of in solido liability — that was not agreed upon by the defendants. Finally, the court concluded:
THE COURT:
Costs assessed against the defendants in solido. All right. Thank y’all.
Based on our review of the record, we find that no reasonable person could have concluded that the defendants clearly intended to be bound solidarily. The Louisiana Supreme Court recently addressed the same issue in similar circumstances in Berlier v. A.P. Green Industries, Inc., 01-1530 (La.4/30/02), 815 So.2d 39, a case cited by both the Jacksons and Rubicon. In Berlier, the supreme court addressed the issue of whether four settling defendants in an asbestos-related personal injury suit intended to be bound solidarily. The supreme court concluded that they did not and found that the settlement was a joint and indivisible obligation. The supreme court stated:
The court of appeal found that a solidary obligation arose in this case from the law, relying on Cole v. Celotex,[ 599 So.2d 1058 (La.1992) ] supra, in which “the Louisiana Supreme Court held that various asbestos defendants are solidari *398 ly liable for damages suffered by plaintiffs.” 787 So.2d at 1060. However, the court of appeal erred in relying on Cole, a delictual action wherein certain defendants were found liable after a two-week trial for failing to provide a safe workplace, and the liability of the manufacturers of asbestos containing products, who settled before trial, was stipulated at trial. In this case, there was no trial on plaintiffs’ tort claim as the parties settled before trial, and, the release expressly states that “nothing contained in this agreement shall be construed or deemed | fian admission of wrongdoing or of liability by any party.... ” Except for the settlement, there would be no liability at all, since this case has not been tried. Whether the defendants in this case would have been solidarity liable in tort has not been, and may never be, determined. Therefore, Cole is inapplicable to the instant case.
Thus, as solidary liability does not arise in this case from law, the only remaining issue is whether it arises from a “clear expression of the parties’ intent.” A solidary obligation may arise even though the words “solidarity” or “in solido ” are not used, as long as the parties’ intent to be solidarity liable is clearly expressed. La. C.C. art. 1796, Official Comment (b). In resolving this issue in a case involving the joint or solidary liability of six makers of a promissory note, this Court explained:
When several persons join in the same contract to do the same thing, it produces a joint obligation on the part of the obligors. However, where several persons obligate themselves to the ob-ligee by the terms In solido or use any other expressions that clearly show that they intend that each one shall be separately bound to perform the whole of the obligation, it is called an obligation in Solido on the part of the obligors. An obligation In solido is not presumed; it must be expressly stipulated.
It is well settled that, absent additional promissory language, the words ‘(w)e promise to pay’ in a not signed by co-makers are insufficient to constitute the express stipulation of liability In solido required by law.
Id. at 45.
Similarly, the present case settled pretrial before a determination of liability, if any, had been made. There is no question that solidarity did not arise by operation of law in this case. Thus, the trial court had to find that the parties clearly intended to be solidarity bound. We have reviewed the record and there is no evidence in the record to that effect. The Memorandum of Settlement mentions no such arrangement or intention to be bound solidarity. In fact, it is clear from our review of the hearing transcript that the trial court presumed solidarity amongst the | defendants, without regard to their intentions. Because we have found that it was manifest error for the trial court to so find we will conduct a de novo review of the record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In their brief, the Jacksons urge that, pursuant to Berlier, “it is respectfully requested that this Court find that there exists a joint and indivisible obligation which binds each of the defendants for the full amount of the settlement.” We find that such an obligation exists for the reasons stated below.
The obligation of the defendants to the Jacksons for payment of $10,000 is one in which different obligors owe together just one performance, since the defendants, in the same act (the settlement agreement), promised to give one sum of money to the Jacksons. Berlier, 815 So.2d 39. The fact *399 that this is a joint obligation is further supported by the fact that there was no statement in the settlement agreement listing individual amounts that each defendant would be responsible for. Id.
Joint obligations are either divisible or indivisible. In a divisible joint obligation, each joint obligor is bound to perform only his portion. La.Civ.Code art. 1789. In an indivisible joint obligation, joint obligors are subject to the rules governing solidary obligors. Id. Although money is easily divisible, it can be the subject of an indivisible obligation because of the intent of the parties. Berlier, 815 So.2d 39; La.Civ.Code art. 1815.
Similarly, in Berlier, the supreme court rejected the notion that the defendants were liable in solido, but subsequently held that there existed a joint and | indivisible obligation. Our review of the settlement agreement and the record leads us to conclude that the defendants in the instant case intended that the obligation be executed as if it were indivisible for many of the same reasons given by the supreme court in Berlier. For example: the Jack-sons agreed to settle for a lump-sum payment of $10,000; they were unaware of how that settlement would be apportioned among the defendants; the defendants expressed, in the memorandum of settlement, that they would pay the plaintiffs a lump-sum of $10,000; there was no mention of pro-rata portions that would be attributed to each defendant; and finally, the memorandum of settlement released all the defendants in exchange for the lump-sum settlement regardless of the nature of the defendant’s particular contribution. After reviewing these facts and the record, we find that Rubicon intended that its obligation be indivisible with that of the other defendants. Therefore, the obligation must be performed in whole by payment of the $10,000 by all or any one of the defendants, including Rubicon.
JUDICIAL INTEREST
The Jacksons urge they are entitled to judicial interest on all amounts from the date of judicial demand until paid. Pursuant to La.Code Civ.P. art. 2133 we will not address this issue as the Jacksons failed to answer the appeal.
CONCLUSION
The judgment in favor of the plaintiffs/appellees, Debra and James Jackson, finding that the defendant/appellant, Rubicon, Inc., is obligated to them for the entire $10,000, is affirmed. Costs of this appeal are assessed against Rubicon, Inc.
AFFIRMED.

. The other defendants, who have not appealed, are AllWaste Environmental Services of Texas, Inc, its employee, Arthur Lee LaFour, and its insurance company, Reliance National Indemnity Company.

. This motion is not in the record, however the parties entered into a joint agreement to supplement the record with a copy of it.